**FILED**

**May 9, 2016**

TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

Time: 1:33 P.M.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Shawn Sirkin | ) Docket No. 2015-08-0292 |
| | ) |
| v. | ) State File No. 44984-2015 |
| | ) |
| Trans Carriers, Inc., et al. | ) |
| | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims | ) |
| Jim Umsted, Judge | ) |

---

### Affirmed in Part, Vacated in Part, and Remanded - Filed May 9, 2016

---

In this interlocutory appeal, the employee, a truck driver, injured her shoulder when she slipped getting out of the employer's truck after checking the on-board computer system to determine whether she had been assigned a load. The employer denied the claim and terminated the employee for failing to report for work. Following an expedited hearing, the trial court found that the employee's injury arose primarily out of and in the course and scope of her employment and ordered medical benefits in the form of a panel of physicians. The trial court also found that the evidence was insufficient to award temporary disability benefits or past medical expenses. The employer has appealed the trial court's award of medical benefits. We affirm the trial court's decision to the extent it orders a panel of physicians but vacate the trial court's finding regarding compensability of the claim at this stage of the case.

Judge Marshall L. Davidson, III, delivered the opinion of the Appeals Board, in which Judge David F. Hensley and Judge Timothy W. Conner joined.

B. Duane Willis, Nashville, Tennessee, for the employer-appellant, Trans Carriers, Inc.

Shawn Sirkin, Brooksville, Florida, employee-appellee, pro se

1

## Factual and Procedural Background

Shawn Sirkin ("Employee") was employed as a truck driver by Trans Carriers, Inc. ("Employer"). On May 20, 2015, Employee walked across the street from her home to her assigned tractor trailer to check the truck's on-board computer system, "Qualcomm," to determine whether she had been assigned a load to deliver. She also went to jump-start the truck's batteries per the suggestion of her supervisor and dispatcher, Jennifer Mohundro.[1] As Employee was climbing down from the truck, she reported slipping on a wet step and injuring her right shoulder. According to Employee, this was the third work-related incident in six weeks involving her shoulder.

Employee had been off of work and was scheduled to return on May 18, 2015. However, she asked for and received permission to resume working on May 19, 2015. On that date, she requested another day off. In response to Employee's request, Ms. Mohundro responded that she was "struggling" as a result of Employee's continued absence and that Employee had been scheduled a "good pre-plan."[2] She further stated, "I'll push it out until you let me know you are coming back."

The following day, May 20, 2015, Employee went to her truck to check Qualcomm, the on-board computer system linked to Employer's dispatch system, and to attend to the truck's dead batteries as had been suggested by Ms. Mohundro the day before. Although the evidence was conflicting, Employee testified that a driver could accept or reject a load only by indicating that decision in Qualcomm. Regardless, she discovered that she had not been assigned a load and, while exiting the truck, slipped on a step. She caught herself with her arm and felt pain and tearing in her right shoulder.

Employee texted Ms. Mohundro at 6:50 a.m. on May 20, 2015, stating that she "was getting out the [sic] and slipped and fell[.] I am going to urgent care[.]"[3] Employee never received a panel of physicians or any authorized treatment from Employer and was terminated due to "no show/no call." Ms. Mohundro, along with Kathy Ward, Employer's human resources representative, testified that Employee had no reason to go to her truck on May 20, 2015, because she did not have a load to deliver and was not scheduled to work. Both witnesses testified that Employee did not tell them on May 20, 2015, that her shoulder injury was work-related.

---

[1] In a text message dated May 19, 2015, Employee informed Ms. Mohundro that the batteries on the truck were dead. Ms. Mohundro responded, "[w]hy not have it fixed while you are off so[] you will be ready to go."

[2] It appears from the record that a pre-plan is an assignment to pick-up and/or deliver a load.

[3] According to a "Physician's Report of Work Ability" contained in the record, Employee was diagnosed with a right shoulder sprain and was restricted from driving. There is no medical proof in the record that addresses causation.

The trial court found that Employee was "a reasonable and honest witness" and that "her account of the May 20, 2015 incident [was] believable." Accordingly, the trial court concluded that Employee's shoulder injury "occurred when she slipped and fell while leaving the truck while completing a work-related action of checking the Qualcomm on the truck," warranting medical benefits in the form of a panel of physicians. The trial court also concluded that Employee's injury arose primarily out of and in the course and scope of her employment, but that she had not presented sufficient evidence to warrant an award of temporary disability benefits or payment of past medical expenses. Thus, those requests were denied.[4] Employer has appealed the award of medical benefits.

**Standard of Review**

The standard of review to be applied by this Board in reviewing a trial court's decision is statutorily mandated and limited in scope. Specifically, "[t]here shall be a presumption that the findings and conclusions of the workers' compensation judge are correct, unless the preponderance of the evidence is otherwise." Tenn. Code Ann. § 50-6-239(c)(7) (2015). The trial court's decision must be upheld unless the rights of a party "have been prejudiced because findings, inferences, conclusions, or decisions of a workers' compensation judge:

(A)    Violate constitutional or statutory provisions;
(B)    Exceed the statutory authority of the workers' compensation judge;
(C)    Do not comply with lawful procedure;
(D)    Are arbitrary, capricious, characterized by abuse of discretion, or clearly an unwarranted exercise of discretion;
(E)    Are not supported by evidence that is both substantial and material in the light of the entire record."

Tenn. Code Ann. § 50-6-217(a)(3) (2015). Like other courts applying the standards embodied in section 50-6-217(a)(3), we will not disturb the decision of the trial court absent the limited circumstances identified in the statute.

**Analysis**

Employer asserts that the trial court erred in finding Employee was within the course of her employment when she injured her shoulder on May 20, 2015. Employer relies on Ms. Mohundro's and Ms. Ward's testimony that communicating about loads

---

[4] Employee has not appealed the trial court's denial of temporary disability benefits or the payment of past medical expenses. Thus, we need not address those issues.

3

through Qualcomm was not required and that Employee had no reason to be at her truck on May 20, 2015.

An injury occurs in the course of employment if it takes place while the employee was performing a duty he or she was employed to perform. *Fink v. Caudle*, 856 S.W.2d 952, 958 (Tenn. Workers' Comp. Panel 1993). Thus, the course of employment requirement focuses on the time, place, and circumstances of the injury. *Saylor v. Lakeway Trucking, Inc.*, 181 S.W.3d 314, 318 (Tenn. 2005). An injured worker may be granted medical or temporary disability benefits prior to trial when he or she presents sufficient evidence to enable the trial court to conclude that the worker would likely prevail at a hearing on the merits. Tenn. Code Ann. § 50-6-239(d)(1) (2015).

Here, the trial court concluded that Employee's injury arose primarily out of and in the course and scope of her employment. However, there is no medical proof in the record that Employee's shoulder condition is causally-related to the work incident on May 20, 2015, a point the trial court acknowledged in its order. Accordingly, to the extent the trial court found that Employee's claim is compensable at this stage of the case, that finding is premature and, as such, is vacated.

Nevertheless, we find that the record supports the trial court's determination that Employee is entitled to a panel of physicians. Employee testified that on May 20, 2015, she went to her assigned truck for two reasons: (1) to determine if she had a delivery waiting to be accepted in Qualcomm in light of Ms. Mohundro's text message the day before that she had been scheduled a "good pre-plan," and (2) to attend to the truck's dead batteries. While Ms. Mohundro and Ms. Ward testified that communicating about loads through Qualcomm was not the exclusive method of doing so, there was no evidence that Employee's use of the system to check for loads was unreasonable, inappropriate, or prohibited. Moreover, Employee's testimony that she went to the truck to remedy the situation with the batteries is unrefuted. As noted above, this was done at the suggestion of her supervisor, Ms. Mohundro.

In addition, Employee testified that checking for load information using Qualcomm and attending to the truck's batteries were work-related responsibilities. She stated that she was "definitely there to do [her] duty," and the trial judge believed her. She also testified that accepting a load could not be done by phone or email, but only through Qualcomm. To the extent there was a conflict in the testimony on this point, the trial court resolved it in Employee's favor, which is the trial court's prerogative.[5]

---

[5] Employer argues that Employee essentially removed herself from the driving roster indefinitely. However, Employee's text message sent to Ms. Mohundro on May 19, 2015, requested that her availability be pushed "out until tomorrow," which would have been May 20, 2015.

Finally, the record contains nothing that contradicts Employee's testimony that she slipped and injured her shoulder in the manner she described, i.e., exiting her truck on May 20, 2015. The trial court found that Employee was "a reasonable and honest witness" and that her version of events was credible. The law is clear that "[w]hen the trial court has heard in-court testimony, considerable deference must be afforded in reviewing the trial court's findings of credibility and assessment of the weight to be given to that testimony." *Tryon v. Saturn Corp.,* 254 S.W.3d 321, 327 (Tenn. 2008).

In short, we cannot conclude that the evidence preponderates against the trial court's decision to order a panel of physicians. Before concluding, however, we note that Employee has submitted documents on appeal that were not presented to the trial court, including a causation letter from a physician dated April 8, 2016. "Evaluating a trial court's decision on appeal necessarily entails taking into account information the trial court had before it at the time the issues were decided by the court, as opposed to the potentially open-ended universe of information parties may seek to present on appeal following an adverse decision." *Hadzic v. Averitt Express*, No. 2014-02-0064, 2015 TN Wrk. Comp. App. Bd. LEXIS 14, at *13 n.4 (Tenn. Workers' Comp. App. Bd. May 18, 2015). Accordingly, "we will not consider on appeal testimony, exhibits, or other materials that were not properly admitted into evidence at the hearing before the trial judge." *Id.*

We must also address several motions filed by the parties. First, Employer has filed a motion to file the transcript of the expedited hearing under seal, shielding it from Employee's review and use because Employer paid for the transcript and Employee apparently refused to share in the expense. Employer cites no authority to warrant the unusual relief sought, and we are aware of none. Employer was certainly within its rights to appeal the trial court's decision, but it is Employer's responsibility to bear the costs of ensuring an adequate record on appeal. Accordingly, Employer's motion is denied. Second, Employer has filed a motion asking that we disregard Employee's position statement because it fails to meet the requirements of an appellate brief. This motion is denied as well. Last, Employee has filed a motion to dismiss the appeal on the basis that Employer's brief, along with the transcript, were untimely filed and contain inaccuracies. Neither assertion has merit and, therefore, Employee's motion is likewise denied.

## Conclusion

The trial court's decision directing Employer to provide a panel of physicians is affirmed. To the extent the trial court determined that Employee's claim is compensable, that finding is premature and is vacated. The case is remanded for any further proceedings that may be necessary.

5

Marshall L. Davidson, III
Presiding Judge
Workers' Compensation Appeals Board

**FILED**

**May 9, 2016**

**TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD**

**Time: 1:33 P.M.**



### TENNESSEE BUREAU OF WORKERS' COMPENSATION
### WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Shawn Sirkin | ) | Docket No.  2015-08-0292 |
| | ) | |
| v. | ) | |
| | ) | State File No.  44984-2015 |
| Trans Carriers, Inc. , et al. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 9th day of May, 2016.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|---|---|---|---|---|---|---|
| **Shawn Sirkin** | | | | | X | Shawns1960@yahoo.com |
| **B. Duane Willis** | | | | | X | dwillis@morganakins.com |
| **Jim Umsted, WC Judge** | | | | | X | Via Electronic Mail |
| **Kenneth M. Switzer, Chief Judge** | | | | | X | Via Electronic Mail |
| **Penny Shrum, Clerk, Court of Workers' Compensation Claims** | | | | | X | Penny.Patterson-Shrum@tn.gov |

Jeanette Baird
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-0064
Electronic Mail: Jeanette.Baird@tn.gov